**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **CRIMINAL NO. 15-605 (PAD)** |
| **LUIS FLORES-ORTIZ (7)** | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

Delgado Hernández, District Judge.

On September 24, 2015, the defendant, Luis Flores-Ortiz, was indicted in an eleven (11) count indictment charging him and nine (9) other Puerto Rico Police Officers with engaging in racketeering-related activity (Docket No. 3).  Before the court is defendant Luis Flores-Ortiz' "Request for a Bill of Particulars" (Docket No. 131), which the government opposed (Docket No. 132).  For the reasons explained below, defendant's request is DENIED.

## I.      DISCUSSION

Fed.R.Crim.P. 7(f) provides, in pertinent part, that "[t]he court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."[1]  The court must grant a motion for a bill of particulars "only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause."  United States v. Sepúlveda, 15 F.3d 1161, 1192-93 (1st

---

[1] Flores-Ortiz' arraignment took place on October 2, 2015 (Docket No. 58), while his motion for a bill of particulars was filed on January 12, 2016 (Docket No. 131).

Cir. 1993).  A defendant seeking a bill of particulars must show actual prejudice.  United States v.

Nelson-Rodriguez, 319 F.3d 12, 31 (1st Cir. 2003).

     Flores-Ortiz asks the court to order the government to disclose the identities of the various

participants referred to in some subsections of paragraph 7 of the Indictment.  In his view, such

disclosure is necessary to mount a defense pertaining to the nineteen (19) overt acts specified

therein.[2]  The government, in turn, alleges the indictment is sufficient (1) to inform defendant of

---

[2]  The specific acts included in paragraph 7 of the Indictment to which Flores-Ortiz' motion refers, read as follows:

7. In furtherance of the racketeering conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed and caused to be committed the following overt acts, among others, on or about the following dates, in the District of Puerto Rico:

a. On or about May 5, 2011, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment, stole approximately $18,000 in purported illegal drug proceeds, planted a firearm on an individual in the apartment, and placed him/her under arrest.

…

c. On or about June 28, 2011, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment and stole approximately $19,000 in purported illegal drug proceeds.

d. On or about September 9, 2011, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment and stole approximately $14,000 in purported illegal drug proceeds.

e. On or about November 17, 2011, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment and stole approximately $4,000 in purported illegal drug proceeds.

f. In or about November, 2011, in Puerto Rico, a member of the enterprise sold a firearm to a known felon.

g. In or about December, 2011, in Puerto Rico, a member of the enterprise sold a firearm to a known felon.

…

i. On or about February 14, 2012, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, conducted a traffic stop and stole approximately $18,000 in purported illegal drug proceeds.

j. On or about April 25, 2012, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, conducted a traffic stop and stole approximately $22,000 in purported illegal drug proceeds.

k. On or about April 25, 2012, in Puerto Rico, a member of the enterprise, in his capacity as a Police Officer, attempted to extort approximately $8,000 from an individual purportedly associated with a drug dealer in exchange for promising to release an alleged state prisoner.

1. On or about May 9, 2012, in Puerto Rico, a member of the enterprise sold a firearm with the intent that the firearm be transferred to a known felon.

…

n. On or about June 5, 2012, in Puerto Rico, members of the enterprise and their associates participated in the sale of more than five hundred grams of cocaine.

…

q. On or about July 17, 2012, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment, stole approximately $18,700 in purported illegal drug proceeds, and falsely arrested an individual.

r. On or about July 17, 2012, in Puerto Rico, a member of the enterprise, in his capacity as a Police Officer, lied to local and federal authorities about the facts and circumstances related to an illegal arrest.

s. On or about August 22, 2012, in Puerto Rico, members of the enterprise and their associates participated in the sale

United States of America v. Luis Flores-Ortiz (7)
Criminal No. 15-605 (PAD)
Memorandum and Order
Page 3

the charges against him; (2) to avoid unfair surprise at trial; and (3) to enable defendant to defend himself at trial.

Having evaluated defendant's request and the government's opposition, the court finds that the indictment as a whole sets out the nature of the underlying criminal offense under which Flores-Ortiz is charged.  It includes specific dates during which the alleged events took place.  Several discovery packages were produced to defendants (Docket Nos. 111, 115, 133 and 136).  And it is apparent from the government's representations at Docket No. 132, that additional discovery is yet to be produced.

In context, the indictment along with the government's discovery are easily sufficient to apprise the defendant of the charges against him so as to allow him to prepare a defense and avoid surprise at trial.  So, Flores-Ortiz is not entitled by way of a bill of particulars to the additional information he seeks.  See, United States v. Al Jaber, 436 Fed.Appx. 9, 12 (2d Cir. 2011)(affirming denial of bill of particulars after finding that the indictment "included the nature of the charges and provided a time frame and location in which the crimes were alleged to have taken place")(citing United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Urban, 404 F.3d 754, 772

---

of more than five hundred grams of cocaine.

t. On or about October 5, 2012, in Puerto Rico, members of the enterprise and their associates, while acting as, or impersonating  Police  Officers,  stole  approximately $14,000 in purported illegal drug proceeds.

u. On or about November 20, 2012, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment and stole approximately $30,000 in purported illegal lottery proceeds.

…

w. On or about February 6, 2013, in Puerto Rico, members of the enterprise and their associates participated in the sale of more than five hundred grams of cocaine.

x. On or about April 4, 2013, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, illegally entered an apartment and stole what was purported to be seven kilograms of cocaine in exchange for a $50,000 payment.

y. On or about April 22, 2013, in Puerto Rico, members of the enterprise and their associates, in their capacity as Police Officers, agreed to take part in a home invasion to steal purported illegal lottery proceeds.

…

All in violation of Title 18, United States Code, Section 1962(d).

United States of America v. Luis Flores-Ortiz (7)
Criminal No. 15-605 (PAD)
Memorandum and Order
Page 4

(3d Cir. 2005)(noting that full access to discovery "further weakens the case for a bill of particulars"); United States v. Kinsella, 380 F.Supp.2d 7, 10 (D.Me. 2005)(holding that "[a]n indictment that 'provides a temporal framework' for the charge is sufficient, and 'open-file' discovery may obviate the need for greater specificity")(citing United States v. Sepulveda, 15 F.3d 1161, 1192-1193 (1st Cir. 1993)); United States v. Penagaricano-Soler, 911 F.2d 833, 840 n.5 (1st Cir.1990)(holding that "where ... the indictment alleges the unlawful agreement with sufficient particularity, the defendant is not denied adequate notice of the charge merely by virtue of the failure to name all coconspirators"); United States v. Hsia, 24 F.Supp.2d 14, 31 (D.D.C. 1998)(denying portion of motion seeking disclosure of all overt acts committed in furtherance of conspiracy because the government does not have the burden at trial of proving all overt acts).

## II.   CONCLUSION

In light of the foregoing, defendant Luis Flores-Ortiz' "Request for a Bill of Particulars" (Docket No. 131) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of January, 2016.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge